UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: HEALTHEXTRAS INSURANCE MARKETING
AND SALES PRACTICES LITIGATION  MDL No. 2544

ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in six actions pending in the Central District of California, the Northern District of Georgia, the Eastern District of North Carolina, the District of South Carolina, and the Northern District of Texas move to centralize this litigation in the Eastern District of North Carolina.[1]  The litigation consists of those six actions, which are listed on the attached Schedule A.[2]

All responding defendants oppose centralization.  Most defendants (collectively, HealthExtras) joined in a single response in opposition,[3] while Stonebridge Life Insurance Company (Stonebridge), which is a defendant in only the Northern District of Texas action, filed a separate brief.  If the Panel orders centralization over defendants' objections, then the HealthExtras defendants argue for selection of either the Northern District of Texas or the Northern District of Georgia as transferee district, while Stonebridge argues for selection of the Northern District of Texas.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.  Although these six actions do share certain factual issues regarding the sales and marketing of disability insurance policies to holders of various credit cards, the key issue in all cases is legal in nature – specifically, whether these policies were issued to an

---

[1]  In the alternative, plaintiffs argue that we should select the District of New Jersey as transferee district.  In that event, however, plaintiffs ask that the Eastern District of North Carolina action be excluded from the centralized proceedings.

[2]  The Panel has been informed of three related federal actions.

[3]  These defendants are: National Union Fire Insurance Company of Pittsburgh, Pa.; American International Group, Inc.; Catamaran Health Solutions, LLC f/k/a Catalyst Health Solutions, Inc.; Catamaran Health Solutions, LLC f/k/a HealthExtras, Inc.; HealthExtras, LL; HealthExtras Benefits Administrators, Inc.; HealthExtras Insurance Agency, Inc.; Virginia Surety, Inc.; Alliant Services Houston, LLC; Alliant Insurance Services, Inc. f/k/a Driver Alliant Insurance Service, Inc.; and Alliant Services Houston, Inc. f/k/a JLT Services Corp.

-2-

eligible group or association, as defined by the laws and regulations of the relevant state.[4] Moreover, that legal issue itself is not a common one. The question in each case is whether the subject policies were issued in compliance with the law of the state in which that particular case was brought.[5] Whether the subject policies in the District of New Jersey action were issued in conformance with New Jersey law, for example, has no bearing on whether the subject policies in the Northern District of Texas action were issued in conformance with Texas law.[6] To the extent that discovery in these actions may overlap, informal coordination appears practicable, especially given that all plaintiffs are represented by the same two law firms.[7]

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |
| Ellen Segal Huvelle | R. David Proctor |

---

[4] *See, e.g., In re: Real Estate Transfer Tax Litig.*, 895 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) (denying centralization of ten actions, where the litigation revolved around "primarily a *legal* question" as to whether certain federal housing-related entities were required to pay state and county taxes on the transfer of real estate) (italics in original); *In re: Property Assessed Clean Energy (PACE) Programs Litig.*, 764 F. Supp. 2d 1345, 1346-47 (J.P.M.L. 2011) (denying centralization of six actions where the common factual issues were "largely undisputed" and only "primarily common legal questions" remained).

[5] Each of the actions (including the three related actions referenced in footnote 2) is brought as a putative single state class action. There thus is no overlap among the putative classes.

[6] *See In re: Title Ins. Real Estate Settlement Procedures Act (RESPA) & Antitrust Litig.*, 560 F. Supp. 2d 1374, 1375 (J.P.M.L. 2008) (denying centralization of 25 actions involving "different regulatory regimes in the states in which the actions [we]re pending along with variances in insurance regulation and law in each state").

[7] *See In re: TD Bank, N.A., Gift Card Fees Litig.*, 703 F. Supp. 2d 1380, 1381 (J.P.M.L. 2010) (denying centralization, where, *inter alia*, all plaintiffs were represented by common counsel).

IN RE: HEALTHEXTRAS INSURANCE MARKETING
AND SALES PRACTICES LITIGATION                           MDL No. 2544

## SCHEDULE A

<u>Central District of California</u>

ARIE WAISERMAN v. NATIONAL UNION FIRE INSURANCE COMPANY OF
    PITTSBURGH PA, ET AL., C.A. No. 2:14-00667

<u>Northern District of Georgia</u>

WILLIAMS, ET AL. v. NATIONAL UNION FIRE INSURANCE COMPANY OF
    PITTSBURGH, PA, ET AL., C.A. No. 1:14-00309

<u>District of New Jersey</u>

GIERCYK v. NATIONAL UNION FIRE INSURANCE COMPANY OF
    PITTSBURGH, PA, ET AL., C.A. No. 2:13-06272

<u>Eastern District of North Carolina</u>

PETRUZZO v. NATIONAL UNION FIRE INSURANCE COMPANY, ET AL.,
    C.A. No. 5:12-00113

<u>District of South Carolina</u>

WILLIAMS v. NATIONAL UNION FIRE INSURANCE COMPANY OF
    PITTSBURGH PA, ET AL., C.A. No. 6:14-00870

<u>Northern District of Texas</u>

WALKER, ET AL. v. STONEBRIDGE LIFE INSURANCE COMPANY, ET AL.,
    C.A. No. 3:13-04189